IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:20-CR-86-TAV-DCP |
| ALEX LOUIS GRAVES, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Date [Doc. 14], filed on December 4, 2020. The Defendant asks the Court to continue the January 5, 2021 trial date, because counsel needs additional time to confer with the Defendant on factual and legal issues. The Defendant also requests an extension of the plea deadline to allow defense counsel to discuss a potential resolution of the case with Government's counsel. The motion asserts that delays relating to the COVID-19 pandemic have slowed trial preparations in this case. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of March 9, 2021.

The Court finds Defendant Graves's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a

speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the January 5, 2021 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In the Standing Order, the Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21.

Additionally, the Court observes that time beyond January 15, 2021 is necessary to prepare this case for trial. Based upon the representations in the motion, defense counsel needs additional time to confer with the Defendant on factual and legal matters. Counsel states that meetings with the Defendant and negotiations with the Government have been delayed by restrictions relating to the COVID-19 pandemic. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. These trial preparations cannot be concluded by January 15 or in less than two months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 14**] is **GRANTED**. The trial of this case is reset to **March 9, 2021**. The Court finds that all the time between the filing of the motion on December 4, 2020, and the new trial date of March 9, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D)

& -(7)(A)-(B); E.D.TN SO-20-21. The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Date [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 9, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **December 4, 2020**, and the new trial date of **March 9, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 9, 2021**;

(5) The deadline for filing motions *in limine* is **February 22, 2021**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **February 23, 2021, at 11:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 26, 2021**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge